UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TODD C.,

               Plaintiff,                      **DECISION AND ORDER**

     v.

                                         6:20-CV-06694 EAW

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

# INTRODUCTION

Represented by counsel, plaintiff Todd C. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 13; Dkt. 15), and Plaintiff's reply (Dkt. 16). For the reasons discussed below, Plaintiff's motion (Dkt. 13) is granted to the extent that the matter is remanded for further administrative proceedings and the Commissioner's motion (Dkt. 15) is denied.

**BACKGROUND**

Plaintiff protectively filed his application for DIB on September 1, 2017. (Dkt. 12 at 19, 86).[1] In his application, Plaintiff alleged disability beginning November 14, 2015. (*Id.* at 19, 176). Plaintiff's application was initially denied on April 19, 2018. (*Id.* at 19, 87-92). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") John Loughlin on September 5, 2019. (*Id.* at 19, 39-71). On September 27, 2019, the ALJ issued an unfavorable decision. (*Id.* at 16-38). Plaintiff requested Appeals Council review; his request was denied on July 20, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

**LEGAL STANDARD**

**I.  District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

(quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically

equals the criteria of a Listing and meets the durational requirement (*id*. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through June 30, 2021. (Dkt. 12 at 22). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since November 15, 2015, the alleged onset date. (*Id*.).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "degenerative disc disease of the lumbar spine; basilar artery migraines; chronic fatigue

syndrome; obstructive sleep apnea; fibromyalgia; and obesity." (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of irritable bowel syndrome, gastroesophageal reflux disease, diverticulitis, essential hypertension, hearing loss, restless leg syndrome, and anxiety were non-severe. (*Id.* at 22-24).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 24). The ALJ particularly considered the criteria of Listings 1.04, 3.09, 11.02, 12.02, and the effects of Plaintiff's obesity and fibromyalgia in reaching his conclusion. (*Id.* at 24-25).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff is limited to] standing and/or walking for up to four hours in an eight-hour workday; occasionally balancing on uneven surfaces; occasionally stooping, kneeling, crouching, and crawling; occasionally climbing stairs and ramps; occasionally climbing ladders, ropes, and scaffolds; occasionally being expos[ed] to extreme heat, vibrations, unprotected heights, and unprotected moving machinery parts; requiring a moderate noise work environment, as defined in the Dictionary of Occupational Titles and Selected Characteristics of Occupations; never being exposed to strobe lights, flashing lights, or bright lights, such as those found on a theatre stage; and is able to understand and remember simple instructions, make simple work-related decisions, and carry-out simple instructions.

(*Id.* at 26). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 30).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there

were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of order caller, outside deliverer, and ticket teller. (*Id.* at 31-32). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 32).

## II.     Remand for Further Administrative Proceedings is Required

Plaintiff asks the Court to vacate the ALJ's decision and remand this matter to the Commissioner, arguing that: (1) the ALJ impermissibly relied on mischaracterizations to find that Plaintiff's subjective complaints were inconsistent with the evidence of record; and (2) the ALJ erred in purporting to find the opinion of consultative examiner Dr. Despina Isihos convincing and persuasive but then, without explanation, failing to incorporate several limitations identified by Dr. Isihos in his RFC finding. (Dkt. 13-1 at 1). For the reasons set forth below, the Court finds that the ALJ improperly mischaracterized the record in assessing Plaintiff's subjective complaints and that this error requires remand.

### A.     Assessment of Plaintiff's Subjective Complaints

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). Genuine conflicts in the evidence are for the ALJ to resolve in his discretion. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). This includes assessing subjective complaints made by a claimant. *See Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999); *see also* 20 C.F.R. § 404.1529(a). However, an ALJ may not reject a claimant's subjective complaints based on "unsupported

interpretations of raw medical evidence or mischaracterizations of the record." *Rivera v. Comm'r of the Soc. Sec. Admin.*, No. 19-CV-4630 LJL BCM, 2020 WL 8167136, at *20 (S.D.N.Y. Dec. 30, 2020), *adopted*, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021); *see also* Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, at *6 (Oct. 25, 2017).

Here, the ALJ discounted Plaintiff's subjective complaints because he viewed them as inconsistent with a "Function Report" that Plaintiff completed on January 16, 2018. (*See* Dkt. 12 at 22, 200). The ALJ summarized the Function Report as stating that Plaintiff "generally addresses his personal care needs with some minor difficulties, shops in stores, drives a vehicle, searches the internet, and is able to follow written and spoken instructions[.]" (*Id*. at 22). Based on this summary, the ALJ concluded that Plaintiff had "described daily activities that are inconsistent with [his] allegations of disabling symptoms and limitations." (*Id*.).

However, a review of the Function Report shows that the ALJ's summary thereof is not supportable. Plaintiff reported that he spent most of his days in bed or in a recliner due to needing to lie down a lot, that he needed to sit down on a bed or lean on a wall in order to dress himself, that he was no longer able to shower or shave daily and required a shower chair due to weakness, that he has difficulty using the toilet due to shakiness, that he suffers from "brain fog" that impairs his ability to remember to take his medication and he accordingly must rely on assistance, that he is unable to complete his laundry in a single day but must instead spread the task over several days, that his wife must wash the dishes "95% of [the] time" because he is unable to stand for long enough to do so, and that doing even a small amount of yard work causes him to be "flat on [his] back from exertion for

hours or days." (*Id*. at 200-207). Further, Plaintiff did not check the box indicating that he travels by driving a car, but instead indicated that he "ride[s] in a car" and that doing so for too long leads to pain. (*Id*. at 207). Further, while Plaintiff did indicate that he shops in stores for food and medicine, he explained that he does so infrequently and does not go anywhere on a regular basis. (*Id*. at 207-208).

The Court agrees with Plaintiff that the ALJ's characterization of the extremely significant limitations described in the Function Report as "minor difficulties," as well as his omission of highly relevant contextual information, was wrong. (*See* Dkt. 13-1 at 17-18). It also was not harmless, inasmuch as it was a key factor in the ALJ's rejection of Plaintiff's subjective complaints. On these facts, remand for further proceedings is necessary. *See Henderson v. Berryhill*, 312 F. Supp. 3d 364, 370 (W.D.N.Y. 2018) ("[W]here an ALJ has mischaracterized the plaintiff's ability to perform activities of daily living to [his] disadvantage in determining plaintiff's credibility, remand is appropriate." (quotation and original alteration omitted )).

B. **Remaining Argument**

As set forth above, Plaintiff has identified an additional reason why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this argument. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already

determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 13) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 15) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 19, 2022
       Rochester, New York